# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, )<br>　　　　Plaintiff, )<br>　v. )<br>　 )<br>LUCAS C. GREICHUNOS and )<br>ANTHONY T. CARNS, )<br>　　　　Defendants. ) | CAUSE NO.: 2:16-CV-389-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Vacate Entry of Default Pursuant to Rule 60(b)(4) [DE 35], filed by Defendant Lucas C. Greichunos on April 13, 2017. On April 27, 2017, Plaintiff State Farm Fire and Casualty Company ("State Farm") filed a response, and Greichunos filed a reply on May 4, 2017.[1] For the reasons set forth in this Opinion, the Court sets this matter for an evidentiary hearing in light of the parties' contradictory affidavits.

## PROCEDURAL BACKGROUND

On September 2, 2016, State Farm filed a Complaint in this Court against Defendants Lucas C. Greichunos and Anthony T. Carns. Summons were issued as to Greichunos and Carns on September 6, 2016. On November 30, 2016, the Court issued a Status Report Order as to service of process on both defendants.

On December 8, 2016, State Farm submitted Alias Summons for Greichunos, and the summons were issued on December 9, 2016.

On December 13, 2016, State Farm filed a document, signed by attorney Paul D. Mackowski, stating that, on December 9, 2016, the summons and complaint were served by William Sheehan,

---

[1] The document filed as Greichunos' reply brief at docket entry 42 is identical in all respects to and appears to be a copy of the Brief and Memorandum in Support of Motion to Vacate Entry of Default Pursuant to Rule 60(b)(4) filed by Greichunos on April 13, 2017, at docket entry 36. The reply contains no new material.

Licensed Personal Investigator, by personal service upon Lucas C. Greichunos, 231 Greiving Street, Dyer, Indiana. Attached as Exhibit A to the filing is the signed and sworn Proof of Service (AO 440 form) executed by Sheehan, which states that the summons was served on Greichunos.

On January 20, 2017, State Farm filed a Request to Clerk for Entry of Default as to Defendant Lucas C. Greichunos, and a Clerk's Entry of Default was entered against Greichunos on January 23, 2017.

On February 1, 2017, State Farm filed a Motion for Default Judgment against Greichunos.

On February 6, 2017, default judgment was entered by then-presiding Judge Robert L. Miller, Jr. A Clerk's Entry of Judgment was entered as to Greichunos on February 14, 2017.

On April 10, 2017, this case was reassigned to the undersigned Magistrate Judge upon the consent of the parties.

On April 13, 2017, Greichunos filed the instant Motion to Vacate Entry of Default.

On April 17, 2017, Greichunos consented to the jurisdiction of the undersigned Magistrate Judge. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

Defendant Greichunos asks the Court to vacate the default judgment entered against him pursuant to Federal Rule of Civil Procedure 60(b)(4) on the basis that he was not served with the summons and complaint and that, as a result, the judgment against him is void.

Rule 60(b)(4) provides: "On motion and just terms, the court may relieve a party . . . from a final judgment" if the "judgment is void." Fed. R. Civ. P. 60(b)(4). A party may challenge a default judgment as void for lack of personal jurisdiction at any time. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857 (7th Cir. 2011).

Federal Rule of Civil Procedure 4(c) provides that a summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). The summons and complaint must be served by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). An individual, such as Greichunos, may be served by delivering a copy of the summons and complaint to him personally. Fed. R. Civ. P. 4(c)(2)(A).

"A process server's affidavit identifying the recipient and when and where service occurred is 'prima facie evidence of valid service which can be overcome only by strong and convincing evidence.'" *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163 (7th Cir. 2015) (quoting *O'Brien v. R.J. O'Brien & Assocs. Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). This affidavit of the "party asserting personal jurisdiction is presumed true only until it is disputed." *Id*. Once the party against whom a default judgment has been entered disputes service, the party asserting personal jurisdiction must prove service. *Id*. at 1163-64 (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2012)). "[A] judge cannot take two affidavits which swear to opposite things and say, 'I find one of the affidavits more credible than the other, and therefore I shall accept it as true.'" *Id.* at 1164 (quoting *Castillo v. United States*, 34 F.3d 443, 446 (7th Cir. 1994)).

In this case, the original sworn Proof of Service signed by process server William Sheehan on December 9, 2016, averred that he served the summons on Greichunos. The Proof of Service form Sheehan used is form AO 440 (Rev. 06/12) Summons in a Civil Action, which is available on the website for the United States District Court for the Northern District of Indiana. The Proof of Service form does not indicate that a copy of the complaint was served on Greichunos as well. However, in support of its response to the instant motion, State Farm submits Sheehan's sworn Affidavit, which provides that he served both the summons and complaint on Greichunos and gives specific details of

the personal service on Greichunos. *See* Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.").

Attached to Greichunos' motion is a document titled "Affidavit" in which Greichunos avers: "Contrary to Plaintiff's allegations as stated in its Request for Entry of Default, I have never been personally served with a copy of Plaintiff's Summons or Complaint." (ECF 36-2). The Court notes that the document is not sworn before a notary; therefore, it is an unsworn declaration, the terms of which are governed by 28 U.S.C. § 1746. An unsworn declaration under 28 U.S.C. § 1746 must be subscribed by the declarant "as true under penalty of perjury, *and dated*, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).'" 28 U.S.C. § 1746 (emphasis added). The unsworn declaration submitted by Greichunos is not dated. Although the failure to include a date can be the basis for striking an unsworn declaration, the absence of a date may be excused when "extrinsic evidence demonstrates the approximate date of signing." *Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 244 (D. Md. 2012) (citing *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475-76 (6th Cir. 2002) (citing *EEOC v. World's Finest Chocolate, Inc.*, 701 F. Supp. 637, 639 (N.D. Ill. 1988))); *see also Kennedy v. Schneider Elec.*, No. 2:12-CV-122-PRC, 2014 WL 4388147, at *1 (N.D. Ind. Sept., 5, 2014); *Davis v. Wells Fargo Bank*, 685 F. Supp. 2d 838, 842 (N.D. Ill. 2010); *Montgomery v. Ruxton Health Care, IX, LLC*, No. 3:06-CV-24, 2006 WL 3746145, *3 (E.D. Va. Dec. 15, 2006). In this case, the date of the filing of Greichunos' Motion to Vacate is sufficient to determine the approximate date of Greichunos' declaration for purposes of the instant motion.

Because the Court is faced with competing affidavits regarding whether Greichunos was personally served with the summons and complaint, the Court must hold an evidentiary hearing to

resolve the factual dispute. *Durukan*, 787 F.3d at 1164 (citing *Homer v. Jones-Bey*, 415 F.3d 748, 750-51 (7th Cir. 2005); *Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 452 (7th Cir. 2000)). Although Sheehan's Affidavit describes in detail the service of process on Greichunos and Greichunos' declaration offers nothing more than a denial of having been personally served, this is nevertheless a factual dispute that requires the Court to determine the credibility of the witnesses. *See Homer*, 415 F.3d at 751, 757.

## CONCLUSION

Based on the foregoing, the Court hereby **TAKES UNDER ADVISEMENT** the Motion to Vacate Entry of Default Pursuant to Rule 60(b)(4) [DE 35] and **SETS** this matter for an **in-person** evidentiary hearing on the issue of service of process on Lucas C. Greichunos on **May 23, 2017, at 10:30 a.m. (CST)**, United States District Court, 5400 Federal Plaza, Magistrate Judge Courtroom 5, Hammond, Indiana. The Court **ORDERS** that Defendant Lucas C. Greichunos and process server William Sheehan be present in person to give testimony at the evidentiary hearing.

SO ORDERED this 9th day of May, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATE DISTRICT COURT