# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br>      Plaintiff,<br>   v.<br><br>LUCAS C. GREICHUNOS and<br>ANTHONY T. CARNS,<br>      Defendants. | CAUSE NO.: 2:16-CV-389-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Vacate Entry of Default Pursuant to Rule 60(b)(4) [DE 35], filed by Defendant Lucas C. Greichunos on April 13, 2017. For the reasons set forth in this Opinion, the Court grants the motion and vacates the default judgment against Defendant Greichunos in this case.

## PROCEDURAL BACKGROUND

On September 2, 2016, Plaintiff State Farm Fire and Casualty Company ("State Farm") filed a Complaint in this Court against Defendants Lucas C. Greichunos and Anthony T. Carns. Summons were issued as to Greichunos and Carns on September 6, 2016. On November 30, 2016, the Court issued a Status Report Order as to service of process on both defendants.

On December 8, 2016, State Farm submitted Alias Summons for Greichunos, and the summons were issued on December 9, 2016.

On December 13, 2016, State Farm filed a document, signed by attorney Paul D. Mackowski, stating that, on December 9, 2016, the summons and complaint were served by William Sheehan, Licensed Personal Investigator, by personal service upon Lucas C. Greichunos, 231 Greiving Street, Dyer, Indiana.

Attached as Exhibit A to the filing is the signed and sworn Proof of Service (AO 440 form) executed by Sheehan, which states that the summons was served on Greichunos.

On January 20, 2017, State Farm filed a Request to Clerk for Entry of Default as to Defendant Lucas C. Greichunos, and a Clerk's Entry of Default was entered against Greichunos on January 23, 2017.

On February 1, 2017, State Farm filed a Motion for Default Judgment against Greichunos.

On February 6, 2017, default judgment was entered by then-presiding Judge Robert L. Miller, Jr. On February 15, 2017, a Clerk's Entry of Judgment was entered as to Greichunos.

On April 10, 2017, this case was reassigned to the undersigned Magistrate Judge upon the consent of the parties.

On April 13, 2017, Greichunos filed the instant Motion to Vacate Entry of Default.

On April 17, 2017, Greichunos consented to the jurisdiction of the undersigned Magistrate Judge. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

On April 27, 2017, State Farm filed a response, and Greichunos filed a reply on May 4, 2017.[1]

On May 9, 2017, the Court issued an Opinion and Order, taking under advisement the Motion to Vacate Entry of Default and setting the motion for an evidentiary hearing.

On May 23, 2017, the Court held an evidentiary hearing, at which sworn testimony was given by William Sheehan and Lucas Greichunos.

---

[1] The document filed as Greichunos' reply brief at docket entry 42 is identical in all respects to and appears to be a copy of the Brief and Memorandum in Support of Motion to Vacate Entry of Default Pursuant to Rule 60(b)(4) filed by Greichunos on April 13, 2017, at docket entry 36. The reply contains no new material.

2

**ANALYSIS**

Defendant Greichunos asks the Court to vacate the default judgment entered against him pursuant to Federal Rule of Civil Procedure 60(b)(4) on the basis that he was not served with the summons and complaint in this case and that, as a result, the judgment against him is void.

Rule 60(b)(4) provides: "On motion and just terms, the court may relieve a party . . . from a final judgment" if the "judgment is void." Fed. R. Civ. P. 60(b)(4). A party may challenge a default judgment as void for lack of personal jurisdiction for failure to serve at any time. *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857 (7th Cir. 2011).

Federal Rule of Civil Procedure 4(c) provides that a summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). The summons and complaint must be served by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). An individual, such as Greichunos, may be served by delivering a copy of the summons and complaint to him personally. Fed. R. Civ. P. 4(c)(2)(A).

"A process server's affidavit identifying the recipient and when and where service occurred is 'prima facie evidence of valid service which can be overcome only by strong and convincing evidence.'" *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163 (7th Cir. 2015) (quoting *O'Brien v. R.J. O'Brien & Assocs. Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). This affidavit of the "party asserting personal jurisdiction is presumed true only until it is disputed." *Id*. Once the party against whom a default judgment has been entered disputes service, the party asserting personal jurisdiction must prove service. *Id*. at 1163-64 (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2012)). "[A] judge cannot take two affidavits which swear to opposite things and say, 'I find one of the affidavits more credible than the other, and

3

therefore I shall accept it as true.'" *Id.* at 1164 (quoting *Castillo v. United States*, 34 F.3d 443, 446 (7th Cir. 1994)).

As set out in the Court's May 9, 2017 Opinion and Order, the Court was faced with the competing affidavits of process server William Sheehan, averring that on December 9, 2016, he served Lucas Greichunos with the summons and complaint in this case, and of Defendant Lucas Greichunos, averring that he has never been personally served with a copy of the summons or complaint in this case. Accordingly, the Court held an evidentiary hearing on May 23, 2017, to determine whether State Farm achieved service of process on Defendant Greichunos.

Process Server William Sheehan testified that he was contacted on December 9, 2016, by phone call, with a follow-up email, by counsel for State Farm to serve Greichunos with the summons and complaint. Sheehan received the email at 8:57 a.m. on December 9, 2016, and he purportedly served the summons and complaint on Greichunos at 4:45 p.m. the same day. Sheehan testified that he has never seen a picture of Greichunos and that he did no research regarding Greichunos before attempting service of the summons and complaint. Sheehan testified that when he arrived at Greichunos' registered address, 231 Greiving Street, Dyer, Indiana, a white male was in the front yard. Sheehan exited his car and approached the man. Sheehan introduced himself and asked the man if he was "Lucas" and showed him the last name "Greichunos" on the paperwork he was carrying, telling the man that he was not sure how to pronounce the last name. Sheehan testified that the man affirmed that he was Lucas Greichunos and that he was 34 years old. Sheehan gave the man a copy of the summons and complaint and shook his hand before leaving. Sheehan made a notation on a printed copy of the email, which he called his "field sheet," of the date—December 9, 2016, of the time—4:45 p.m., and of that fact that service was made on a 34-year-old white male. Sheehan did not ask

4

the man for personal identification at the time of service, testifying that it is not standard protocol to ask for personal identification. Sheehan testified that he believed he had served Greichunos on December 9, 2016, because the man answered in the affirmative when Sheehan asked him if he was Lucas in front of the home at the address of record for Lucas Greichunos.

Lucas Greichunos was not in the courtroom at any time before or during Sheehan's testimony. After Sheehan left the witness stand and after Lucas Greichunos entered the courtroom to give testimony, Sheehan was not recalled to the stand and asked whether Greichunos, who was by then present in plain view in the courtroom, was the person Sheehan served with the summons and complaint on December 9, 2016.

Lucas Greichunos then testified. Although Greichunos did not remember where he was on December 9, 2016, at 4:45 p.m., he testified that he had never seen Sheehan (who was seated in plain view in the courtroom) before, that Sheehan did not introduce himself and give Greichunos a copy of the summons and complaint in this case in Greichunos' front yard on December 9, 2016, and that no one has ever given him a copy of the summons and complaint in this case. Greichunos testified that his seasonal job as a groundskeeper at a local golf course had ceased to be full time in November 2016, and that by December 2016, he worked, as needed on an on-call basis, primarily on machine repair at the golf course. He further testified that in the golf off-season, including December 2016, he spent significant time caring for his mother at her home as well as time with friends away from his home. On December 9, 2016, two individuals other than Greichunos had a key to Greichunos' house at 231 Grieving Street, Dyer, Indiana. One was his roommate, Jodi Maddox, a 34- or 35-year-old male, who was his roommate until March 2017. Maddox did not have a car and spent most of his time at the house. Greichunos' neighbor, Rick Delario, a 34-year-old

male, also had a key because he would care for Greichunos' dog. Delario occasionally spent time at Greichunos' home.

Based on this evidence, the Court finds that State Farm has not proven by a preponderance of the evidence that it served Lucas Greichunos with the summons and complaint in this case. Sheehan did not look at a photo of Greichunos prior to attempting service and has never seen a picture of Greichunos. Sheehan did no research about Greichunos prior to attempting service. Service was made on a 34-year old male. Two other approximately 34-year-old males had a key to Greichunos' house and had reason to be present at Greichunos' house on December 9, 2016. Sheehan did not confirm by photo identification the identity of the white 34-year old male to whom he gave the summons and complaint on December 9, 2016. Moreover, the individual to whom he gave the summons and complaint was in the front yard of the home and not inside the home. At the hearing, once Sheehan was able to observe Greichunos in the courtroom, Sheehan was not asked whether Greichunos was the individual he served on December 9, 2016, at 231 Greiving Street, Dyer, Indiana. In contrast, Greichunos testified that Sheehan did not serve him with a copy of the summons and complaint and that Greichunos had never seen Sheehan before the hearing.

Because State Farm has not shown that it effectuated service of the summons and complaint on Defendant Lucas Greichunos in this matter, the default judgment entered against Greichunos is void and must be vacated. *See* Fed. R. Civ. P. 60(b)(4); *Philos Techs., Inc.*, 645 F.3d at 857; *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

**CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS** the Motion to Vacate Entry of Default Pursuant to Rule 60(b)(4) [DE 35] and **VACATES** the Order [DE 21] granting default judgment against Defendant Greichunos as well as the Clerk's Entry of Judgment [DE 28] as to Defendant Greichunos.

SO ORDERED this 24th day of May, 2017.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATE DISTRICT COURT