UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br>        Plaintiff,<br>   v.<br><br>LUCAS C. GREICHUNOS and<br>ANTHONY T. CARNS,<br>        Defendants. | CAUSE NO.: 2:16-CV-389-PRC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff State Farm Fire and Casualty Company's Motion to Dismiss [DE 53], filed on May 31, 2018. Plaintiff State Farm Fire and Casualty Company ("State Farm") moves to dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff represents that Defendant Anthony T. Carns joins in the motion. Defendant Lucas C. Greichunos has not filed a response, and the time to do so has passed.

State Farm issued Homeowners Insurance Policy number 14-LG-0207-7, with effective dates of November 5, 2013, through November 5, 2014 (the "Policy"), to Defendant Lucas C. Greichunos. Defendant Anthony T. Carns filed a lawsuit against Greichunos in the Lake County, Indiana, Superior Court under 45D04-1602-CT-00022 (the "Underlying Lawsuit"), seeking to recover damages he allegedly incurred as a result of a shooting incident that occurred on January 28, 2014, at Greichunos's house located at 231 Greiving Street, Dyer, Indiana. Greichunos submitted a claim to State Farm for defense and potential indemnification for the Underlying Lawsuit. State Farm provided a defense for Greichunos against the claims of the Underlying Lawsuit pursuant to a reservation of rights.

State Farm filed this declaratory judgment action on September 1, 2016, seeking a declaration as to State Farm's obligations to Greichunos with respect to the defense and indemnification of the Underlying Lawsuit. Both Greichunos and Carns filed answers to State Farm's Complaint in this case,

but neither filed a counterclaim against State Farm. The deadline for amending the pleadings in this case was July 12, 2017, and neither Greichunos nor Carns filed a motion to amend the pleadings to make a counterclaim against State Farm prior to the expiration of the deadline for amending the pleadings. The November 30, 2017 discovery deadline has passed. Greichunos's initial disclosures stated that "part (ii) to Rule 26(a)(1)(a), which requests a computation of any category of damages by a disclosing party, is not applicable to Lucas C. Greichunos because he does not seek damages." (ECF 53, Ex. 1). State Farm represents that it settled any and all potential liability of Greichunos to Carns in the Underlying Lawsuit, with no contribution from Greichunos, and obtained a full release of Greichunos and State Farm from Carns. The parties to the Underlying Lawsuit filed a stipulation of dismissal in that matter on May 3, 2018. (ECF 53, Ex. 2). An Order dismissing the Underlying Lawsuit, with prejudice, was entered on May 7, 2018. (ECF 53, Ex. 3). State Farm provided a defense to Greichunos for the duration of the Underlying Lawsuit.

The purpose for which the Complaint was filed in this case has been rendered moot, and State Farm seeks no further relief. Greichunos did not file a Counterclaim that asserted any claim for damages against State Farm, and Greichunos confirmed in a discovery response, which was never supplemented, that he "does not seek damages." Under these circumstances, the Court finds that dismissal under Federal Rule of Civil Procedure 41(a)(2) is proper.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Plaintiff State Farm Fire and Casualty Company's Motion to Dismiss [DE 53] and **ORDERS** that this case is **DISMISSED with prejudice**, costs paid.

SO ORDERED this 18th day of June, 2018.

                                            s/ Paul R. Cherry
                                            MAGISTRATE JUDGE PAUL R. CHERRY
                                            UNITED STATE DISTRICT COURT